UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DEMETURIS COLEMAN | Case No. 13-14704 |
| Plaintiff, | Avern Cohn |
| v. | United States District Judge |
| COMMISSIONER OF SOCIAL SECURITY, | Michael Hluchaniuk |
| | United States Magistrate Judge |
| Defendant. | |
| _____/ | |

**REPORT AND RECOMMENDATION
CROSS-MOTIONS FOR SUMMARY JUDGMENT (Dkt. 9, 12)**

I.  **PROCEDURAL HISTORY**

　　A.　Proceedings in this Court

On November 13, 2013, plaintiff filed the instant suit seeking judicial review of the Commissioner's unfavorable decision disallowing benefits. (Dkt. 1). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), this matter was referred to the undersigned for the purpose of reviewing the Commissioner's decision denying plaintiff's claim for supplemental security income benefits. (Dkt. 3). This matter is before the Court on cross-motions for summary judgment. (Dkt. 9, 12).

　　B.　Administrative Proceedings

Plaintiff filed the instant claim on June 28, 2007, alleging disability

1

beginning January 1, 2005. (Dkt. 7-2, Pg ID 50). Plaintiff's claims were initially disapproved by the Commissioner on September 11, 2007. (Dkt. 7-2, Pg ID 50). Plaintiff requested a hearing and on October 20, 2007, plaintiff appeared, with counsel, before Administrative Law Judge ("ALJ") Elliott Bunce who considered the case de novo. (Dkt. 7-2, Pg ID 50-58). In a decision dated November 6, 2009, the ALJ found that plaintiff was not disabled. *Id*. Plaintiff requested a review of this decision, and the ALJ's decision became the final decision of the Commissioner when the Appeals Council, on March 22, 2013, denied plaintiff's request for review. (Dkt. 16-2, Pg ID 48-50); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004).

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**, that defendant's motion for summary judgment be **GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.

II.     FACTUAL BACKGROUND

    A.     ALJ Findings

Plaintiff was born in 1989 and was 18 years of age on the date that the application was filed. (Dkt. 7-2, Pg ID 57). Plaintiff had no past relevant work. *Id*. The ALJ applied the five-step disability analysis to plaintiff's claim and found at step one that plaintiff had not engaged in substantial gainful activity since the

application date. (Dkt. 7-2, Pg ID 52). At step two, the ALJ found that plaintiff's seizure disorder and obesity were "severe" within the meaning of the second sequential step. (Dkt. 7-2, Pg ID 52). At step three, the ALJ found no evidence that plaintiff's combination of impairments met or equaled one of the listings in the regulations. (Dkt. 7-2, Pg ID 53).

The ALJ determined that plaintiff had the residual functional capacity (RFC) to perform light work with the following limitations:

> The claimant has the residual functional capacity to perform work that does not require: exertion above the light level (20 CFR 416.967(b)); or exposure to hazards, such as heights, dangerous machinery, or driving.

(Dkt. 7-2, Pg ID 55). At Step Four, the ALJ found that plaintiff had no past relevant work. However, the ALJ determined that, considering plaintiff's age, education, experience, and RFC, there were jobs that exist in sufficient numbers that plaintiff can perform and therefore, plaintiff had not been under a disability from the alleged onset date through the date of the decision. (Dkt. 7-2, Pg ID 58).

B.  Plaintiff's Claims of Error

Plaintiff's brief begins with a recitation of the standards to be applied in evaluating the credibility of pain complaints.[1] Plaintiff then moves on to the Commissioner's obligation to prove that he was capable of other work, given that

---

[1] Notably, pain does not appear to be one of plaintiff's conditions or complaints.

3

he had no past relevant work. Plaintiff contends that the Commissioner failed to satisfy this burden of proof because the hypothetical question posed to the vocational expert and on which the ALJ relied did not accurately describe plaintiff's limitations in all relevant respects. Plaintiff contends that his testimony regarding his seizure disorder is "backed up on the medical record and for the ALJ to indicate that [plaintiff's] testimony is not credible is clearly in error." (Dkt. 9, Pg ID 325). Plaintiff then points to the medical records showing that he suffers from a seizure disorder. Plaintiff also complains that the VE did not include DOT numbers in the testimony and as such, it is impossible to insure that the VE's testimony that the jobs identified are within the RFC is accurate.

Next, plaintiff recites that standard applicable to the assessment of a treating physician opinion. After reciting these standards, plaintiff asserts that it is "clear from the evidence of record and [plaintiff's] testimony that his ability to engage in substantial gainful activity is severely limited as a result of his physical conditions. As such, [plaintiff] would only be capable of engaging in substantial gainful activity only by enduring great pain and should, therefore, be found disabled in accordance with the Social Security Rules and Regulations." (Dkt. 9, Pg ID 328).

C. The Commissioner's Motion for Summary Judgment

According to the Commissioner, although plaintiff's brief contains a large amount of boilerplate language pertaining to a variety of legal issues, he only

develops one argument – that the ALJ allegedly made a faulty credibility finding. The Commissioner contends that while plaintiff includes boilerplate language concerning how the agency must evaluate treating medical source opinions, he does not identify any treating medical source opinions and none appear in the record that conflict with the ALJ's findings.  Similarly, plaintiff alleges that the ALJ erred in relying on the VE's testimony because the VE did not supply numbers from the Dictionary of Occupational Titles (DOT) for the jobs the VE identified.  However, the Commissioner points out that the VE did, in fact, supply sample DOT numbers.  (Tr. 50).

As to the credibility issue, the Commissioner points to *Jones v. Commissioner of Social Security*, 336 F.3d 469, 476 (6th Cir. 2003), which holds that "an ALJ is not required to accept a claimant's subjective complaints and may properly consider the credibility of a claimant when making a determination of disability." *See* 20 C.F.R. § 416.929.  Here, the Commissioner contends that the ALJ fully considered plaintiff's subjective complaints, but reasonably chose to rely on the medical evidence instead.  (Tr. 27-29).  More specifically, rather than fully accept plaintiff's subjective complaints, the ALJ chose to rely on the medical evidence, which showed a less severe seizure disorder than plaintiff alleged.  (Tr. 22-25).  *See Walters*, 127 F.3d at 531. ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports,

claimant's testimony, and other evidence."). The ALJ noted that plaintiff's seizures were not frequent and would not preclude a regular work schedule. (Tr. 27-28). Furthermore, the ALJ found that plaintiff's subjective complaints conflicted with the fact that he was pursuing an associate's degree through on-line education. (Tr. 28).

The ALJ also noted that, except for the period between late 2006 and early 2007, the medical records showed that plaintiff had "no more than one seizure every couple of months" and had gone as long as ten months without a seizure. (Tr. 28). Indeed, plaintiff had a seizure in January 2005, but did not experience another one until November 2006. (Tr. 180-82, 190-93). Plaintiff then experienced a number of seizures between November 2006 and March 2007. (Tr. 175, 180-82, 217, 219). Plaintiff apparently did not experience a seizure between March and July 2007. (Tr. 215, 217). Between July 2007 and February 2008, plaintiff had a seizure once every month or two. (Tr. 215, 232, 239, 241, 244-47, 264, 266). The record contains no medical evidence documenting a seizure after February 2008, and Dr. Watson estimated in December 2008 that plaintiff had not had a seizure in approximately ten months. (Tr. 268). Thus, the Commissioner maintains that the ALJ reasonably found that the medical records documenting plaintiff's seizures conflicted with his subjective complaints.

According to the Commissioner, the ALJ also appropriately discounted

6

plaintiff's claims of debilitating seizures because they were nocturnal and would therefore not preclude regular and continuous work. (Tr. 28). The fact that plaintiff tended to experience seizures at night meant that the bulk of his symptoms occurred outside normal work hours. The Commissioner also points out that the ALJ found that plaintiff's subjective complaints conflicted with the fact that he was pursuing an associate's degree through on-line education. (Tr. 28). Plaintiff's ability to regularly take classes suggested that he could continuously work. Thus, the Commissioner asserts that substantial evidence supports the ALJ's credibility determination.

The Commissioner also points out that while plaintiff argues that the ALJ erred in assessing his credibility, but does not even attempt to identify any specific error in the ALJ's decision. The Commissioner contends that plaintiff's skeletal argument was waived and should be rejected. *See Dillery v. City of Sandusky*, 398 F.3d 562, 569 (6th Cir. 2005) (holding that issues adverted to in a perfunctory manner with no effort to develop them are deemed waived). Even if plaintiff had not waived his argument, the Commissioner asserts that the evidence he cites does not conflict with the ALJ's decision. The medical evidence plaintiff cites indicates merely that plaintiff had seizures due to epilepsy, which does not undermine the ALJ's decision. In addition, plaintiff does not cite any evidence even suggesting that he was more limited than found by the ALJ. Thus, the

Commissioner contends that plaintiff's argument should be rejected.

### III. DISCUSSION

    A.    <u>Standard of Review</u>

In enacting the social security system, Congress created a two-tiered system in which the administrative agency handles claims, and the judiciary merely reviews the agency determination for exceeding statutory authority or for being arbitrary and capricious. *Sullivan v. Zebley*, 493 U.S. 521 (1990). The administrative process itself is multifaceted in that a state agency makes an initial determination that can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council. *Bowen v. Yuckert*, 482 U.S. 137 (1987). If relief is not found during this administrative review process, the claimant may file an action in federal district court. *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir.1986).

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). In deciding whether substantial evidence supports the ALJ's decision, "we do not try the case

de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a claimant's subjective complaints and may ... consider the credibility of a claimant when making a determination of disability."); *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (the "ALJ's credibility determinations about the claimant are to be given great weight, particularly since the ALJ is charged with observing the claimant's demeanor and credibility.") (quotation marks omitted); *Walters*, 127 F.3d at 531 ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's testimony, and other evidence."). "However, the ALJ is not free to make credibility determinations based solely upon an 'intangible or intuitive notion about an individual's credibility.'" *Rogers*, 486 F.3d at 247 (quoting Soc. Sec. Rul. 96-7p, 1996 WL 374186, *4).

If supported by substantial evidence, the Commissioner's findings of fact are conclusive. 42 U.S.C. § 405(g). Therefore, this Court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in

9

the record substantial evidence to support a different conclusion." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers*, 486 F.3d at 241; *Jones*, 336 F.3d at 475. "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted) (citing, *Mullen*, 800 F.2d at 545).

The scope of this Court's review is limited to an examination of the record only. *Bass*, 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its weight. *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). "Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). There is no requirement, however, that either the ALJ or the reviewing court must discuss every piece of evidence in the administrative record. *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed. Appx. 496, 508

(6th Cir. 2006) ("[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.") (internal citation marks omitted); *see also Van Der Maas v. Comm'r of Soc. Sec.*, 198 Fed. Appx. 521, 526 (6th Cir. 2006).

    B.    <u>Governing Law</u>

The "[c]laimant bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994); *accord Bartyzel v. Comm'r of Soc. Sec.*, 74 Fed. Appx. 515, 524 (6th Cir. 2003). There are several benefits programs under the Act, including the Disability Insurance Benefits Program (DIB) of Title II (42 U.S.C. §§ 401 *et seq.*) and the Supplemental Security Income Program (SSI) of Title XVI (42 U.S.C. §§ 1381 *et seq.*). Title II benefits are available to qualifying wage earners who become disabled prior to the expiration of their insured status; Title XVI benefits are available to poverty stricken adults and children who become disabled. F. Bloch, Federal Disability Law and Practice § 1.1 (1984). While the two programs have different eligibility requirements, "DIB and SSI are available only for those who have a 'disability.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). "Disability" means:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or

11

which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); *see also* 20 C.F.R. § 416.905(a) (SSI).

The Commissioner's regulations provide that disability is to be determined through the application of a five-step sequential analysis:

> Step One: If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.
>
> Step Two: If the claimant does not have a severe impairment or combination of impairments, that "significantly limits ... physical or mental ability to do basic work activities," benefits are denied without further analysis.
>
> Step Three: If plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education or work experience.
>
> Step Four: If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.
>
> Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that plaintiff can perform, in view of his or her age, education, and work experience, benefits are denied.

20 C.F.R. §§ 404.1520, 416.920; *Heston*, 245 F.3d at 534.  "If the Commissioner makes a dispositive finding at any point in the five-step process, the review terminates."  *Colvin*, 475 F.3d at 730.

"Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work."  *Jones*, 336 F.3d at 474, cited with approval in *Cruse*, 502 F.3d at 540.  If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Commissioner.  *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006).  At the fifth step, the Commissioner is required to show that "other jobs in significant numbers exist in the national economy that [claimant] could perform given [his] RFC and considering relevant vocational factors."  *Rogers*, 486 F.3d at 241; 20 C.F.R. §§ 416.920(a)(4)(v) and (g).

If the Commissioner's decision is supported by substantial evidence, the decision must be affirmed even if the court would have decided the matter differently and even where substantial evidence supports the opposite conclusion.  *McClanahan*, 474 F.3d at 833; *Mullen*, 800 F.2d at 545.  In other words, where substantial evidence supports the ALJ's decision, it must be upheld.

C.     Analysis and Conclusions

While the undersigned has thoroughly reviewed the record evidence, the parties' submissions, and the ALJ's decision, plaintiff cannot simply make the bald claims that the ALJ erred, while leaving it to the Court to scour the record to support this claim.  *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.  It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to ... put flesh on its bones.") (citation omitted); *Crocker v. Comm'r of Soc. Sec.*, 2010 WL 882831 at *6 (W.D. Mich. 2010) ("This court need not make the lawyer's case by scouring the party's various submissions to piece together appropriate arguments.") (citation omitted).  In the view of the undersigned, all of plaintiff's arguments are wholly insufficient and undeveloped.  Plaintiff offers no basis whatsoever for the Court to conclude that the ALJ's decision is not supported by substantial evidence and offers no factual or legal basis for the Court to conclude that the ALJ committed reversible error of any sort.[2]

---

[2] As noted by the Commissioner and by the undersigned in other cases involving plaintiff's counsel, plaintiff's counsel regularly presents briefs with woefully underdeveloped arguments.  *See e.g.*, *Fielder v. Comm'r of Soc. Sec.*, 2014 WL 1207865, at *1 n. 1 (E.D. Mich. 2014) (Rosen, C.J.).  Judge Rosen suggested that sanctions, including a referral for disciplinary proceedings would be in order for future similarly deficient filings.  Judge Rosen's opinion was released on March 24, 2014, the same date that plaintiff's brief in this case was filed.  Thus, as in other recent decision, the undersigned declines to recommend sanctions at this time, given that plaintiff's counsel did not have notice of Judge Rosen's opinion in *Fielder* when the brief in this

Moreover, the Commissioner convincingly establishes that the ALJ's RFC is well-supported by substantial evidence and that plaintiff's credible limitations were accommodated in the RFC. Plaintiff simply fails to explain how the ALJ's RFC does not accommodate his credible limitations, as found by the ALJ, which are fully supported by substantial evidence in the record. Moreover, simply because plaintiff suffers from a certain condition or carries a certain diagnosis does not equate to disability or a particular RFC. Rather, the residual functional capacity circumscribes "the claimant's residual abilities or what the claimant can do, not what maladies a claimant suffers from–though his maladies will certainly inform the ALJ's conclusion about the claimant's abilities." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 240 (6th Cir. 2002). "A claimant's severe impairment may or may not affect his or her functional capacity to work. One does not necessarily establish the other." *Yang v. Comm'r of Soc. Sec.*, 2004 WL 1765480, at *5 (E.D. Mich. 2004). "The regulations recognized that individuals who have the same severe impairment may have different [residual functional capacities] depending on their other impairments, pain, and other symptoms." *Griffeth v. Comm'r of Soc. Sec.*, 217 Fed. Appx. 425, 429 (6th Cir. 2007); 20 C.F.R. § 404.1545(e). Thus, the mere existence of any condition from which plaintiff

---

case was filed. *See e.g., Greason v. Comm'r of Soc. Sec.*, 2014 WL 6861315 (E.D. Mich. 2014); *Brewer v. Comm'r of Soc. Sec.*, 2014 WL 6750596 (E.D. Mich. 2014).

15

may have suffered does not necessarily establish any functional limitation or disability. Here, plaintiff seemingly argues that merely because he suffers from a seizure disorder, he must be disabled. This is not so. And, significantly, plaintiff has failed to produce medical evidence or an opinion showing that he had greater limitations than the ALJ found. *See Maher v. Sec'y of Health & Human Servs.*, 898 F.2d 1106, 1109 (6th Cir. 1987), citing *Nunn v. Bowen*, 828 F.2d 1140, 1145 (6th Cir. 1987) ("lack of physical restrictions constitutes substantial evidence for a finding of non-disability.").

## IV.  RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**, that defendant's motion for summary judgment be **GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a

party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: January 30, 2015                           s/Michael Hluchaniuk
                                                 Michael Hluchaniuk
                                                 United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

      I certify that on January 30, 2015, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record.

                                            s/Tammy Hallwood
                                            Case Manager
                                            (810) 341-7887
                                            tammy_hallwood@mied.uscourts.gov